## COBB *v.* JACKSON COUNTY.

### Opinion delivered June 5, 1897.

JUSTICE'S FEE BILLS—DISALLOWANCE.—Sand. & H. Dig., § 3334, authorizing the county court to reduce, modify or wholly disallow fee bills made out by justices of the peace in criminal cases, where they are unauthorized by law, or based upon frivolous, malicious or unauthorized prosecutions, vests a legal discretion only in the county court; hence a disallowance by the county court of a fee bill which is regular on its face will be set aside on appeal, unless some one of the grounds for disallowance mentioned in the statute existed. (Page 164.)

Appeal from Jackson Circuit Court.

RICHARD H. POWELL, Judge.

*M. M. Stuckey* and *J. W. Phillips*, for appellant

The court erred in its declaration of law construing section 3334, Sand. & H. Dig. Citing Sand. & H. Dig., §§ 1264, 1269, 1963, 1987, 432, 643, 647, 648, 649, 650; Const. art. 7, sec. 51; 34 Ark. 244; 32 *id* 46; 61 *id.* 408; 22 Am. & Eng.

Enc. Law, pp. 529, 566, 567. The constable performed the services, which he was bound to perform, and the fees are fixed by statute. The case was tried *de novo*, on appeal to the circuit court. See authorities *supra*.

BUNN, C. J. Appellant, as constable of Union township, Jackson county, presented his account for fees and services in the matter of the State against Dock Fletcher, theretofore pending before W. D. Brown, one of the justices of the peace of said township, sitting as an examining court, for allowance, to the county court of Jackson county, and the same was allowed in part, and disallowed as to part, and he appealed to the circuit court, where his account was disallowed *in toto*, and he appeals to this court.

Said proceeding was commenced on the following affidavit:

"County of Jackson, Township of Union. I, Ann Pitts, do solemnly swear that Dock Fletcher, in said county of Jackson, on or about the 5th day of November, 1894, did steal a black and white sow, two years old, and five pigs from me, and I pray a warrant from W. D. Brown, a justice of the peace for said county, to apprehend and bring said Dock Fletcher before said justice, to be dealt with according to law." And upon said affidavit said justice issued his warrant of arrest, as follows, to-wit: "To any sheriff, constable, coroner or policeman of this state: It appearing that there are reasonable grounds for believing that Dock Fletcher has committed the offense of larceny in the county of Jackson, you are therefore commanded forthwith to arrest him, and bring him before me, to be dealt with according to law." This was delivered to appellant constable, as aforesaid, and he made the following return, duly indorsed thereon, to-wit: "I have this the 19th day of November, 1894, duly served the within by arresting the within-named Dock Fletcher, and have him in court, as therein commanded." Accrued fees were duly indorsed thereon.

The account for fees and services presented, as aforesaid, to the county court is as follows, to-wit: "To arrest, $ .75; to bond, $ .50; to mileage, $ .50; to serving witnesses, $2.25; to mileage, $1.00; to serving witnesses, $ .25; mileage, $2.00; to trial, $ .25; total cost, $7.50." The county court dis-

allowed the account as to the sum of $3.50, apparently the mileage items, and allowed $4.

The affidavit of the injured party is regular on its face; the warrant issued by the justice thereon is in due form, and recites that there were reasonable grounds for believing that the person named therein had committed larceny (grand larceny) as charged; and there is nothing in the record showing that the proceeding against Dock Fletcher was either frivolous, malicious, or unauthorized by law; and the items charged seem all to be such as the law expressly allows for such services (except the item "to bond," to which we call the attention of the lower court, as not contained in the statutory fee bill, so far as we can see); and therefore there does not appear to be any grounds for a deduction from the amount claimed as made by the county court.

The cause in the circuit court was tried by the court sitting as a jury, and it made the following declaration of law, over the objections of the defendant, to wit: "That it is within the discretion of the court to reduce, modify, or wholly disallow the fees of any officer accruing to him, in an examining court, before a magistrate; and the circuit court, on appeal, will not interfere with the exercise of that discretion. It is therefore considered, ordered and adjudged that plaintiff take nothing by reason of this suit."

This declaration was presumably a construction placed upon section 3334, Sand. & H. Dig., and is clearly erroneous. The county court, under that section of the statute, had authority to disallow an account in whole or in part, but this cannot be done arbitrarily, but must be done on a proper showing that some or all of the grounds designated in the section really exist. The discretion in the county court is a judicial discretion, and subject to the review and control of the appellate courts for an abuse thereof; and, for cause shown, they must interfere; and where the account appears lawful on its face, a ground for disallowance should be shown, or the appellate courts will interfere.

The judgment is reversed for the error stated, and the cause is remanded for a new hearing not inconsistent herewith.